IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHEAL (SUSIE) HOFFMAN, on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITED AIRLINES, INC., UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION PROGRAM (VSP2), UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION LEAVE (VSL) PROGRAM, UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN, and UNITED AIRLINES RETIREE MEDICAL PROGRAM, | )  Case No. 21-cv-_____<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

1. The plaintiff, Micheal (Susie) Hoffman, on behalf of herself and all others similarly situated, brings the following Class Action Complaint against defendant United Airlines, Inc. and the plan defendants enumerated below for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. She is seeking payment of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**The Parties**

2. Micheal (Susie) Hoffman, is currently age 64 and a resident of Castle Rock, CO. She is the plaintiff in this matter.

3. Defendant, United Airlines, Inc. (hereinafter "United"), is an international airline incorporated in Delaware with its corporate headquarters in Chicago, IL.

4. Defendant United Airlines Frontline Voluntary Separation Program 2 ("VSP2") is an employee welfare benefit plan that offers severance benefits to employees who voluntarily retire.

5. Defendant United Airlines Frontline Voluntary Separation Leave ("VSL") Program is an employee welfare benefit plan that offers severance benefits to employees who voluntarily retire.

6. Defendant United Airlines Consolidated Welfare Benefit Plan is an employee welfare benefit plan that offers health, disability, and retirement benefits to employees.

7. Defendant United Airlines Retiree Medical Program is an employee welfare benefit plan that offers retirement benefits to employees.

8. The relevant benefits plans, defined below, are employee benefit plans as defined in 29 U.S.C. §1002(3) that are both sponsored and administered by United.

9. "United" as used in this Complaint means United and the enumerated plans.

**Jurisdiction and Venue**

10. This Court has subject matter jurisdiction over ERISA claims pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the District Court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States.

11. Venue is proper in the Northern District of Illinois under 29 U.S.C. §1132(e)(2), because the benefits plans involved in this matter are administered in this judicial district and United is headquartered in this district. Venue is also proper under 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district and United is headquartered in this district.

12.     ERISA provides a mechanism for administrative or internal appeal of benefit denials. 29 U.S.C. § 1133. Those avenues of appeal have been exhausted by the plaintiff.

## Nature of the Action

13.     This is a claim seeking payment of benefits pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks payment of benefits on behalf of herself and a class of individuals who are similarly situated. Plaintiff also seeks penalties and attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## Factual Background

**A.     The Plaintiff**

14.     Ms. Hoffman worked as an international flight attendant for United, or its predecessor, Continental Airlines, from July 1998 until she accepted an early retirement plan in July 2020.

15.     Ms. Hoffman is an "employee" under 29 U.S.C. § 1002(6).

**B.     United's Plans and Policies**

16.     United is an "employer" under 29 U.S.C. § 1002(5).

17.     In 2017, United instituted a 2017 Early Out Retiree Policy ("Early Out Policy") providing that if an Early Out Program was rolled out within 36 months of an employee's retirement – and that employee met all the participation criteria – the employee would be eligible for any additional benefits offered by the subsequent Early Out Program.

18.     In the summer of 2020, United offered an early out program called the Voluntary Separation Program 2 ("VSP2"). There were two variations of the VSP2– Option A and Option

B. The VSP2 is an employee benefit plan that offers severance benefits to employees who retire under it.

19. The VSP2 is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). It is covered by ERISA under 29 U.S.C. § 1003(a).

20. In July 2020, Ms. Hoffman retired under the VSP2, Option A.

21. On information and belief, a large number of other United employees also retired under the VSP2.

22. The VSP2/A early out program entitled Ms. Hoffman, among other things, to health care benefits (including premium reimbursement until the age of 6 and a retiree health account credit of $1,500 per year of service), enhanced travel benefits, and an additional year of benefits added to her retirement plan.

23. On October 30, 2020, United issued a memorandum to its employees stating it would be "sunsetting" (ending) its Early Out Policy as of January 1, 2021, but that the policy would still apply to anyone who retired prior to that date.

24. Because Ms. Hoffman retired before January 1, 2021, the sunsetting policy does not affect her situation.

25. On January 22, 2021, United announced that it would offer a new early out program called the Frontline Voluntary Separation Leave ("VSL") Program. The VSL also had two variations – Option A and Option B.

26. The VSL is an "employee welfare benefit plan" under 29 U.S.C. § 1002(1). It is covered by ERISA under 29 U.S.C. § 1003(a).

27. The VSL provided significantly richer benefits than the VSP2 had provided. Depending on the option chosen, individuals who retired under the VSL could receive up to

$112,500 in additional pay, a $125,000 contribution to a retiree health account, an additional year of benefits added to the employee's retirement plan, and enhanced travel benefits.

**C.     Ms. Hoffman's Application for Benefits and Appeals of the Denial of Benefits**

28.     Applications for participating in the VSL were due via United's internal communication service, HelpHub, by February 16, 2021.

29.     On February 15, 2021, Ms. Hoffman applied via HelpHub for the additional benefits offered by the VSL pursuant to the Early Out Policy. Her application was denied.

30.     Ms. Hoffman called United's Human Resources service on February 15, 2021 to ask why she could not receive the benefits of the VSL under the Early Out Program. United gave her the following information: "this program [the VSL] is not an early out, which is a financial incentive program that provides cash upon separation. This Program provides paid leave or medical and pass travel enhancements. These types of benefits are excluded from the 2017 policy, which was updated in 2020. For details, please refer to Sunsetting our early out policy."

31.     Ms. Hoffman received a follow-up email from United's HelpHub on February 15, 2021 stating that it was providing a "screenshot found within our VSL program FAQ in HelpHub that states why the VSL program is [n]ot considered an early out program." The paragraph indicated as being the screenshot stated: "[t]his program is not an early out, which is a financial incentive program that provides cash upon separation. This Program provides paid leave or medical and pass travel enhancements. These types of benefits are excluded from the 2017 policy, which was updated in 2020. For details, please refer to Sunsetting our early out policy."

32.     On April 2, 2021, Plaintiff submitted a written appeal to United. She also requested copies of all pertinent policies.

5

33. United responded in writing on April 20, 2021 and April 22, 2021 continuing to assert the position that Ms. Hoffman was not eligible for the enhanced VSL benefits. It also asserted that the plans in question were not covered by ERISA.

34. On June 16, 2021, Ms. Hoffman submitted a second written appeal to United.

35. On July 29, 2021, United denied Ms. Hoffman's appeal, continuing to assert that she was not eligible for the enhanced VSL benefits.

36. Ms. Hoffman has exhausted all administrative requirements and this matter is ripe for judicial review.

**D.    Ms. Hoffman's Entitlement to the Enhanced VSL Benefits**

37. Both the VSP2 and the VSL are severance plans with an ongoing payment of wages and benefits and clear terms of eligibility.

38. The VSP2/A, under which Ms. Hoffman retired, provides the following:

   a. Termination of employment as of a specified date;

   b. Medical coverage under United's plan for self and spouse;

   c. Medical cost share benefits until the age of 65;

   d. Medical premium reimbursement up to $300 per month for self and $300 per month for dependent until employee becomes Medicare-eligible;

   e. Retiree Health Account ("RHA") credit from United in the amount of $1,500 times years of service;

   f. One additional year of retirement benefit service added to pension plan (called CARP);

   g. Enhanced travel privileges; and

   h. Job search support.

39. In the FAQ that United prepared for the VSP2, United stated that "This program is not an early out, which is a financial incentive program. This Program provides partially paid leave or medical, retirement benefit and pass travel enhancements. These types of benefits are excluded from the 2017 policy. For details, please refer to A Message from Oscar: We add clause to retirement policy."

40. The Early Out Policy states: "In the event that the Company offers an Early Out program after August 17, 2017, any employee who has retired in good standing, within the previous 36 months of the closing date of the Early Out election window, meets all applicable Early Out Plan eligibility requirements and conditions as of their retirement date and, whose last work assignment immediately prior to retirement was from the workgroup offering the Early Out, will be eligible to participate in the Early Out and receive all monetary incentives being offered. All criteria for eligibility for any retiree participant in an Early Out program will be determined as of the date the individual retired."

41. The "A Message from Oscar" (referenced in the VSP2 FAQ) states: "Many of you have told me that you are holding off on retirement, waiting to see if the company offers another early out. I want to be upfront and transparent with you about our future plans, so you can make the best plans for yourself and your family. So, to give you greater confidence when you do make the decision to retire, I've asked to add a new clause to our retirement policy. If something dramatic happens in the industry and we decide to offer an early out within 36 months after you retire, you would be eligible for the financial benefits of the program even after retiring."

42. The VSL, Program B, which Ms. Hoffman sought to access, provides the following:

      a. a pre-separation "paid leave" ending on 8/31/22 of 100% of base wages up to a maximum of $112,500

      b. Active medical coverage at rates during pre-separation leave period, followed by United's post-65 Medicare Advantage coverage at age 65; and

      c. Enhanced travel privileges.

43.     The VSL provided benefits that exceeded those Ms. Hoffman received in the VSP2, and it was offered within 36 months of her retirement. As such, under the Early Out Policy and the Message from Oscar, Ms. Hoffman is entitled to the financial benefits of the VSP2.

44.     United contends that neither the VSL nor the VSP2 are "early out programs" because they involve paid "leaves of absence."

45.     United's characterization of these plans as paid "leaves of absence" is form without substance. A leave of absence allows an employee to return to work when it ends. Here, the VSP2 and the VSL offer cash benefits to an employee who agrees to terminate his/her employment.

46.     The VSP2 and VSL are severance plans with an ongoing payment of wages and benefits, and they require United to implement an ongoing administrative plan to manage them.

47.     United also contends that even if the VSP2 and VSL are early out programs, the Early Out Policy does not apply to employees who retired under *other* early out programs – only to those who retired under normal circumstances.

48.     The Early Out Policy has no such language. It states that it applies to any "employee who has retired in good standing, within the previous 36 months of the closing date of the Early Out election window, meets all applicable Early Out Plan eligibility requirements as

of their retirement date and, whose last work assignment immediately prior to retirement was from the workgroup offering the Early Out."

49. Ms. Hoffman met each of those requirements.

### E. Class Allegations

50. Ms. Hoffman brings this action on her own behalf and on behalf of the class of employees who are similarly situated, including all employees who retired within 36 months of the VSL and were not paid the benefits offered by the VSL (which they were entitled to under the Early Out Policy).

51. Plaintiff is a member of the class.

52. On information and belief, the class is so numerous that joinder of all of them is impracticable.

53. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. Those common questions include whether the United denied retired employees the benefits promised under its Early Out Policy – namely, the benefits offered by the VSL.

54. Plaintiff's claims are typical of the class, in that she is eligible for the benefits of the Early Out Policy, she applied for the benefits offered by the VSL, and United refused to pay her those benefits.

55. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has no conflict with any other class member. Plaintiff is committed to the goal of having United comply with its Early Out Policy and to pay retired employees what they are due under the VSL.

56. Plaintiff has retained and is represented by counsel who are experienced and qualified in litigating employment discrimination class actions.

57. Class certification is appropriate pursuant to Fed.R.Civ.P. 23(b)(2) because United has acted or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to plaintiff and the class.

58. Class certification is further appropriate pursuant to Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## Relief Sought

WHEREFORE, the plaintiff prays for the following relief:

A. Benefits due under the applicable plan(s);

B. Pre- and post-judgment interest;

C. Attorneys' fees pursuant and costs of litigation; and

D. Any and all other relief to which she may be entitled and/or that may be ordered by the Court.

## Jury Demand

The plaintiff demands a trial by jury on all issues so triable raised in the foregoing Complaint.

Respectfully submitted,

/s/ Jamie S. Franklin
Jamie S. Franklin
Attorney for Plaintiff

Jamie S. Franklin, ARDC No. 6242916
The Civil Litigation Clinic at
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
312-906-5048 (direct)
312-906-5299 (fax)
jfranklin5@kentlaw.iit.edu

Electronically filed on November 30, 2021