UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHEAL (SUSIE) HOFFMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC., UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION PROGRAM (VSP2), UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION LEAVE (VSL) PROGRAM, UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN, and UNITED AIRLINES RETIREE MEDICAL PROGRAM,<br><br>    Defendants. | Civil Action No. 1:21-cv-06395<br><br>Honorable Robert M. Dow, Jr. |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

                                                          **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 3

        A.    Plaintiff's Voluntarily Separation from United Under the Voluntary Separation Program (VSP2) in July 2020 ................................. 3

        B.    United's Later Creation of a Frontline Voluntary Separation Leave ("VSL") Program ......................................................................... 5

        C.    Denial of Plaintiff's Request for VSL Benefits ......................................... 6

LEGAL STANDARD ................................................................................................................ 7

ARGUMENT .............................................................................................................................. 8

    I.    THE COMPLAINT'S SINGLE COUNT, UNDER ERISA § 502(A)(1)(B), FAILS TO STATE A CLAIM BECAUSE PLAINTIFF IS NOT ELIGIBLE FOR BENEFITS UNDER THE EXPRESS TERMS OF THE GOVERNING PLAN DOCUMENTS ........................................................... 8

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 7

*Brown v. CACH, LLC*,
  No. 20-cv-4579, 2021 WL 4133517 (N.D. Ill. Sept. 10, 2021) .......................................... 7

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011) ....................................................................................................... 2, 9

*Forrest v. Universal Sav. Bank, F.A.*,
  507 F.3d 540 (7th Cir. 2007) ............................................................................................. 8

*Harzewski v. Guidant Corp.*,
  489 F.3d 799 (7th Cir. 2007) ........................................................................................... 11

*Hecker v. Deere & Co.*,
  556 F.3d 575 (7th Cir. 2009) ............................................................................................. 8

*Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*,
  555 U.S. 285 (2009) ........................................................................................................... 9

*Kornardy v. Cargill, Inc.*,
  No. 02 C 50292, 2003 WL 22158989 (N.D. Ill. Sept. 18, 2003) ................................. 9, 11

*Larson v. United Healthcare Ins. Co.*,
  723 F.3d 905 (7th Cir. 2013) .................................................................................. 2, 9, 11

*S. Ill. Carpenters Welfare Fund v. Carpenters Welfare Fund of Ill.*,
  326 F.3d 919, 921–22 (7th Cir. 2003) ............................................................................. 10

*Swanson v. Citibank, N.A.*,
  614 F.3d 400 (7th Cir. 2010) ............................................................................................. 7

*White v. Marshall & Ilsley Corp.*,
  714 F.3d 980, 985 (7th Cir. 2013), *abrogated in part for other reasons by Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) ................................................................................ 8

*Wright v. Associated Ins. Cos.*,
  29 F.3d 1244 (7th Cir. 1994) ............................................................................................. 7

**Statutes**

29 U.S.C. § 1104(a)(1)(D) ......................................................................................................... 9

29 U.S.C. § 1132(a)(1) ............................................................................................................. 10

# TABLE OF AUTHORITIES
*(continued)*

**Pages**

29 U.S.C. § 1132(a)(1)(B) ................................................................................................................ 9

ERISA § 502(a)(1)(B) ............................................................................................................ passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 7

## PRELIMINARY STATEMENT

Plaintiff Micheal (Susie) Hoffman ("Plaintiff") alleges a single claim against Defendants[1] under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") for denial of benefits under the United Voluntary Separation Leave ("VSL") Program, which United announced in January 2021. But Plaintiff retired from United in July 2020, six months before the VSL even came into existence, and she was not eligible to participate in the VSL under the express terms of the VSL. The Complaint must therefore be dismissed under Rule 12(b)(6) for failure to state a claim.

Plaintiff's employment with United ended in July 2020, when she elected to participate in United's Voluntary Separation Program ("VSP2"). That program provided her with certain benefits and privileges to assist with her transition following her voluntary separation of employment from United. As part of the VSP2 election process, Plaintiff received a clear explanation of the benefits she would receive, the benefits she would not receive if she elected to participate in VSP2, and the other terms of her participation in the VSP2 program. In irrevocably separating from United, Plaintiff acknowledged and accepted these terms, including a release of any claim to future separation benefits from United beyond those provided under the terms of the VSP2 program.

In her Complaint, Plaintiff brings a benefits claim under ERISA § 502(a)(1)(B), alleging that she was eligible for ERISA plan benefits under an entirely different voluntary separation

---

[1] United Airlines, Inc. ("United" or "Company"), United Airlines Frontline Voluntary Separation Program (VSP2), United Airlines Frontline Voluntary Separation Leave (VSL) Program, United Airlines Consolidated Welfare Benefit Plan, and United Airlines Retiree Medical Program (collectively "Defendants").

1

program, the VSL, which United announced six months later in January 2021. But § 502(a)(1)(B) provides "essentially a contract remedy under the terms of the plan" only, *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013); it "speaks of enforcing the terms of the plan," *CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011). Plaintiff's claim here fails because the VSL[2] establishes in its governing plan document that Plaintiff is not eligible for any plan benefits under the VSL. Among other requirements, the VSL limited participation to employees who were still active with United, and not separated. Because Plaintiff had irrevocably separated from United six months before the VSL was established, she was not eligible for VSL benefits under the terms of the VSL.

  Plaintiff does not even allege that she was eligible under the terms of the VSL, but instead alleges that she is entitled to VSL benefits under the scope of a 2017 Company policy regarding "early out" retirement programs ("Early Out Policy") that would allow employees electing to retire to claim the benefit of later-announced early retirement inducements in some circumstances. This argument fails under ERISA § 502(a)(1)(B) because the 2017 Early Out Policy is not even allegedly a term of the VSL plan; indeed, to the contrary, the VSL documents specifically disclaim that the VSL is an "early out" retirement program covered by the Early Out Policy. More important, when Plaintiff separated under the VSP2 program in July 2020, the program documents she acknowledged also expressly explained that VSP2 was not an "early out" retirement program and therefore was not covered by United's 2017 Early Out Policy.

  Plaintiff fails to state a claim for benefits under the VSL for the additional reason that she expressly acknowledged and accepted in July 2020 that the separation benefits she was agreeing

---

[2] The VSL includes one ERISA plan, as well as certain non-ERISA company policies. (Ex. F at 1.)

to under the VSP2 were the *only* separation benefits for which she would be eligible, and that she would not be eligible for any future separation benefit offerings at United.

Because Plaintiff has failed to state a claim for relief under ERISA § 502(a)(1)(B) under the applicable plan, the Complaint should be dismissed pursuant to Rule 12(b)(6).

## FACTUAL BACKGROUND[3]

### A. Plaintiff's Voluntarily Separation from United Under the Voluntary Separation Program (VSP2) in July 2020

In May 2020, shortly after the onset of the COVID-19 pandemic, United established the VSP2, which made certain "separation benefits and travel privileges available to . . . [Eligible Employees] to assist with their transition following voluntary separation from employment." (*See* Ex. A. ¶ 1.)[4] The VSP2 included a "Plan Document/Summary Plan Description" for its "ERISA-governed plan" (Option A), along with a "Program Overview" and "an FAQ that provides additional information, clarifications, and examples." (Ex. B ¶ 1 at 2.)[5]

Plaintiff was employed as a United flight attendant until July 2020. (Complaint (ECF No 1.) ("Compl.") ¶ 14.) In the summer of 2020, Plaintiff received a full set of VSP2 plan documents to assist her in deciding whether to apply for the VSP2, including a VSP2 Program Overview that was "tailored" to her. (Ex. D at 2; Compl. ¶ 18.) The VSP2 plan document identified certain criteria to be "an Eligible Employee," and then stated: "in accordance with your application to participate in VSP2, you will voluntarily and irrevocably separate with the

---

[3] Unless indicated otherwise, all emphasis is added and all internal citations and quotations are omitted.

[4] All exhibits (identified as "Ex.") referenced herein are attached to the Declaration of Lincoln Lounsbury filed in support of United's Motion to Dismiss.

[5] The VSP2 also included a separate Program B, "which is a Company policy and not an ERISA-governed plan," (Ex. B at 1), which Plaintiff did not apply for or participate in. Because Plaintiff elected to participate in VSP2 Option A, all references in this Motion to VSP2 are references to Option A, unless expressly stated.

Company as of your Separation Date." (Ex. A ¶ 3 (emphasis in original).) It further stated that, in order to participate in the VSP2, an employee "must be an Eligible Employee" and also must fulfill various requirements including "execut[ing] online the Waiver of Rights and Claims/Release from Liability ('Release') without modification." (*Id*. ¶ 4.)

The VSP2 disclosures that United provided to Plaintiff stated that the VSP2 was distinct from "early out" retirement programs that United had previously offered to specific employee groups, and also expressly provided that VSP2 was not covered by the previously announced Early Out Policy. (*See* Ex. C at 9.) That Early Out Policy, which was announced in 2017 by United CEO Oscar Munoz, provided that an employee who retired from United could seek benefits under an "Early Out Program" established within the first 36 months thereafter, so long as the employee had not "retired under a previous Early Out Program." (Ex. I.) The Early Out Policy also provided that United "reserve[d] the right to modify or terminate this policy at any time and for any reason." (*Id.*) The VSP2 documents that Plaintiff acknowledged and agreed to as part of her decision to participate in VSP2 included the following question and answer: "How does this program relate to the Early Out lookback that Oscar announced in 2017? This program is not an early out, which is a financial incentive program. This Program provides partially paid leave or medical, retirement benefit and pass travel enhancements. These types of benefits are excluded from the 2017 policy." (Ex. C at 9.)

Following her review of the VSP2 documents, Plaintiff elected to apply for the VSP2. (Compl. ¶ 20.) She acknowledged and signed the Release, which stated, in part:

- "In exchange for the benefits, travel privileges, and other valuable consideration provided under VSP2, I hereby: choose to accept the Company's offer . . . and agree to waive any claims and release the Company from any liability related to my employment with or my decision to separate from the Company." (Ex. E at 1.);

4

- "I understand that signing this Release is an important legal act and that I am giving up important legal rights." (*Id.*); and

- "By agreeing to the terms of this Release and voluntarily separating my employment, I am also relinquishing my rights to termination pay, separation benefits, furlough rights, furlough pay, recall rights, or reemployment rights to which I may have otherwise been or become entitled to under the applicable collective bargaining agreement or company policy, other than any rights I may have under VSP2." (*Id.* at 2.)

United accepted Plaintiff's application for VSP2 and Plaintiff irrevocably separated from her employment with United, effective July 2020. (Compl. at ¶ 20.)

     **B.**    **United's Later Creation of a Frontline Voluntary Separation Leave ("VSL") Program**

In January 2021, United established the VSL. (Compl. 25; Ex. F ¶ 2 at 5.) The VSL included "a Plan Document/Summary Plan Description for voluntary separation benefits under VSL Program B (Pay/Leave-Focused Program), which is an ERISA-governed plan," along with a Program Overview (including FAQs) and an accompanying Release. (Ex. F at 1.)

The VSL plan document stated that an "Eligible Employee" "must meet all criteria described in the Program Overview" and must "file an application to participate during the 'Window Period' described in the Program Overview." (*Id.* ¶ 3 at 5; *see also*, Ex. H.) The VSL plan document stated: "If you are inactive during the entire Window Period, you are not eligible to participate, unless expressly permitted under the terms of the Program Overview." (Ex. F ¶ 3 at 5.) It further stated that in order "to participate in this Plan, you must be an Eligible Employee," and "[y]ou must not separate from employment for any reason prior to your scheduled Separation Date." (*Id.* ¶ 4 at 5-6.) The VSL plan document provided that "the Company will accept completed applications at its discretion." (*Id.* ¶ 5 at 6.) Finally, the VSL plan document stated that the Plan Administrator, United's "Executive Vice President Human Resources and Labor Relations," "shall have all powers necessary" including to "construe in his

5

or her discretion all terms, provisions, conditions, and limitations of the Plan" and to "determine in his or her discretion, all questions regarding eligibility and participation." (*Id.* ¶ 12 at 7.)

Consistent with this overview, the VSL Program Overview included pointed questions and answers to assist employees in their decision making. One question and answer read: "Who is eligible to participate?" "[F]light attendants" who are "projected to be employed with United after April 1, 2021 . . . are eligible. If you have received a notice of separation you are not eligible." (Ex. G at 2.) Another passage addressed to eligibility stated a "No" answer to the question: "If I recently retired or separated from United, am I eligible to participate in the Voluntary Separation Leave programs?" (*Id.* at 10.) And the VSL Program Overview included the following question and answer (in language similar to the language that Plaintiff acknowledged and accepted with respect to the VSP2);

> "How does this program relate to the Early Out lookback that Oscar announced in 2017? This program is not an early out, which is a financial incentive program that provides cash upon separation. This Program provides paid leave or medical and pass travel enhancements. These types of benefits are excluded from the 2017 policy, which was updated in 2020."

(*Id.* at 14.)[6]

### C. Denial of Plaintiff's Request for VSL Benefits

On February 15, 2021, Plaintiff contacted United and asked to participate in the VSL. (Ex. K at 1.) United denied Plaintiff's request because she was not eligible to participate in the VSL, and because her assertion that the 2017 Early Out Policy somehow made her eligible for VSL benefits was incorrect. (*Id.*) Plaintiff repeated her request on June 16, 2021, nearly one year after her retirement. (Ex. L at 1.) In response, United again denied Plaintiff's request to

---

[6] The 2017 Early Out Policy was also terminated in October 2020, before the VSL was even established. (Compl. ¶¶ 23-25.)

participate in the VSL, citing the fact that she was not a United employee, and thus was not eligible under the terms of VSL, and also explaining that the VSL was not an Early Out Policy, as made clear in the VSL FAQs. (*Id.*)

## LEGAL STANDARD

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Brown v. CACH, LLC*, No. 20-cv-4579, 2021 WL 4133517, at *1 (N.D. Ill. Sept. 10, 2021) (Dow, J.). "[A]bstract recitations of the elements of a cause of action or conclusory legal statements do nothing to distinguish the particular case that is before [a] court from every other hypothetically possible case" and are therefore insufficient to sustain a complaint. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

When considering a motion to dismiss, the Court may consider documents that are "referred to in the [P]laintiff's complaint" and that are "central to [Plaintiff's] claim." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (same); *see also, e.g.*, *White v. Marshall & Ilsley Corp.*, 714 F.3d 980, 985 (7th Cir. 2013) ("We can also consider ERISA plan documents that were attached to the complaint or referenced in it without converting the motion to one for summary judgment."), *abrogated in part for other reasons by Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014).[7] The Court is not required to accept as true allegations that contradict such

---

[7] The exhibits attached to the accompanying Declaration of Lincoln Lounsbury and cited herein are each referred to in Plaintiff's Complaint and central to Plaintiff's claims. The Court may therefore consider each of those exhibits in deciding Defendants' motion to dismiss.

7

incorporated documents. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

## ARGUMENT

I. **THE COMPLAINT'S SINGLE COUNT, UNDER ERISA § 502(A)(1)(B), FAILS TO STATE A CLAIM BECAUSE PLAINTIFF IS NOT ELIGIBLE FOR BENEFITS UNDER THE EXPRESS TERMS OF THE GOVERNING PLAN DOCUMENTS**

Plaintiff's Complaint alleges a single claim for benefits under the VSL under ERISA § 502(a)(1)(B), but the express terms of the VSL limiting the program to active employees—established six months *after* Plaintiff separated from United—excluded Plaintiff from eligibility. The Complaint must be dismissed under Rule 12(b)(6).

Under ERISA, "[e]very employee benefit plan [must] be established and maintained pursuant to a written instrument . . . specify[ing] the basis on which payments are made to and from the plan." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009). ERISA fiduciaries must further provide plan benefits "in accordance with the documents and instruments governing the plan." *Id.* (quoting 29 U.S.C. § 1104(a)(1)(D)). ERISA § 502(a)(1)(B) allows a plan "participant or beneficiary" to seek "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." *Id.* (quoting 29 U.S.C. § 1132(a)(1)(B)). Such a claim under ERISA § 502(a)(1)(B) "stands or falls by the terms of the plan." *Kennedy*, 555 U.S. at 300; *see also CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) (§ 502(a)(1)(B) "speaks of enforcing the terms of the plan, not of changing them"); *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911 (7th Cir. 2013) ("An ERISA § 502(a)(1)(B) claim is 'essentially a contract remedy under the terms of the plan.'").

8

Here, Plaintiff's claim fails because under the express terms of the VSL she was not eligible for benefits.[8] The VSL stated plainly that, in order to "participate in this Plan," an employee "must be an Eligible Employee," which means they "must meet all criteria described in the Program Overview," and they "must not separate from employment for any reason prior to [their] scheduled Separation Date." (Ex. F ¶¶ 3-4 at 5-6; see also Ex. G at 10 ("If I recently retired or separated from United, am I eligible to participate in the Voluntary Separation Leave programs? No").) The VSL excluded from eligibility even those who were not yet separated, but had already "received a notice of separation." (Ex. G at 2; see also Ex. H. at 6.) Plaintiff had irrevocably separated from United in July 2020, six months before the VSL was established in January 2021. Plaintiff was no longer an employee of United in January 2021, much less an "Eligible Employee" under the VSL. The express terms of the VSL were clear on these eligibility requirements, and these requirements doom Plaintiff's claim for plan benefits under ERISA § 502(a)(1)(B).[9]

---

[8] Contrary to Plaintiff's generalized allegations that the VSL (in its totality) is an ERISA plan, (see Compl. ¶ 26), the VSL includes, in addition to the ERISA plan for "voluntary separation benefits," a distinct "Policy Rules document governing the pre-separation leave portion of VSL Program B (Pay/Leave Focused Program), which is a Company policy and not an ERISA-governed plan," (Ex. F at 1.) To the extent that the Complaint alleges that Plaintiff was entitled to any benefits from "the pre-separation leave portion of VSL Program B," (see Compl. ¶ 42), those allegations fail to state a claim under ERISA § 502(a)(1)(B) because they do not concern benefits under any ERISA plan.

[9] Because Plaintiff is not a participant under the terms of the VSL plan documents, and indeed does not allege she is a participant under those VSL terms, she is also not a "participant" under the terms of ERISA. See 29 U.S.C. § 1132(a)(1). As a result, Plaintiff lacks statutory authority to sue under ERISA § 502(a)(1)(b). See S. Ill. Carpenters Welfare Fund v. Carpenters Welfare Fund of Ill., 326 F.3d 919, 921–22 (7th Cir. 2003) (ERISA § 502(a)(1)(b)) "limits the right to sue to plan participants and beneficiaries.") In the Seventh Circuit, a plaintiff's eligibility to receive benefits under an ERISA plan is generally "treated as a question of statutory interpretation fundamental to the merits of the suit rather than as a question of the plaintiff's right to bring the suit," Harzewski v. Guidant Corp., 489 F.3d 799, 804 (7th Cir. 2007), and United has therefore moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim under ERISA § 502(a)(1)(B).

Plaintiff does not appear to dispute her lack of eligibility, based on the terms of the VSL alone. In the Complaint, Plaintiff does not allege that she was eligible under the terms of the VSL, or that she somehow became a participant in the VSL. Instead, Plaintiff alleges she is entitled to VSL benefits by operation of a separate Early Out Policy that United announced in 2017 (along with an accompanying 2017 "Message from Oscar [Munoz, United's then-CEO]"). (Compl. ¶ 43.) This allegation fails to establish a right to benefits under the VSL for the simple reason that United's Early Out Policy is not part of the governing VSL plan document. *See Larson*, 723 F.3d at 911. "[T]he entire focus regarding what benefits plaintiff receives under the plan begins and ends with the terms of the plan." *Kornardy v. Cargill, Inc.*, No. 02 C 50292, 2003 WL 22158989, at *4 (N.D. Ill. Sept. 18, 2003). Plaintiff's focus is misplaced.

The terms of the VSP2 in which Plaintiff did participate at United provide an additional reason to reject Plaintiff's VSL claim. In July 2020, when Plaintiff elected to separate from United through VSP2, she signed a release expressly acknowledging that she was giving up any right to separation benefits under any programs United might later establish, such as the VSL. (Ex. E at 2 ("I am also relinquishing any rights to . . . separation benefits . . . to which I may have otherwise been or become entitled under the applicable collective bargaining agreement or company policy, other than any rights I may have under VSP2.")) Plaintiff also acknowledged, when electing the VSP2, that she had read and understood the FAQs accompanying the VSP2 (*see* Ex. E at 1) that are flatly inconsistent with her claim that the Early Out Policy entitled her to tap into later-announced benefit programs. (Ex. C at 9 ("How does this program relate to the Early Out lookback that Oscar announced in 2017? This program is not an early out, which is a financial incentive program. This Program provides partially paid leave or medical, retirement benefit and pass travel enhancements. These types of benefits are excluded from the 2017

policy.")) The documents Plaintiff signed in connection with VSP2 preclude any contention that she was reasonably under the illusion that the 2017 Early Out Policy might nevertheless entitle Plaintiff to future separation benefits beyond those she was receiving under the VSP2.[10]

Finally, even if the VSP2 and VSL programs were Early Out Programs as Plaintiff sweepingly alleges (Compl. ¶¶ 43-48) (and they plainly are not),[11] Plaintiff's claim for benefits under the VSL would fail for the independent reason that Plaintiff received benefits under the VSP2 before the VSL was established, and the 2017 Early Out Policy states that an employee is not eligible for benefits if they "retired under a previous Early Out Program." (Ex. J at 1.)

Because Plaintiff fails to identify a right to benefits under the VSL, Plaintiff's claim for ERISA benefits under ERISA § 502(a)(1)(B) must be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).

---

[10] United repeated that unequivocal statement—regarding the inapplicability of the 2017 Early Out Policy—in the VSL FAQs, when that program was established in 2021. (*See* Ex. G at 14.)

[11] Unlike the early out retirement opportunities that United offered on a "workgroup"-specific basis on various occasions prior to 2017 (*see* Compl. ¶ 40), United offered the VSL, in the midst of the COVID-19 pandemic, on a "tailored" basis to certain employees as a leave of absence program (under Company policies not governed by ERISA) to be followed with separation benefits for participating employees (under an ERISA plan), (*see* Ex. H at 1).

Dated: January 31, 2022          Respectfully Submitted,

*/s/ M. Tristan Morales*
O'MELVENY & MYERS LLP
Brian D. Boyle
Shannon M. Barrett
M. Tristan Morales (*pro hac vice application pending*)
1625 Eye Street, N.W.
Washington, DC 20006-4001
Telephone: (202) 383-5300
bboyle@omm.com
sbarrett@omm.com
tmorales@omm.com

Larry S. Kaplan
lkaplan@kmazuckert.com
Marnie A. Holz
mholz@kmazuckert.com
KMA ZUCKERT LLC
200 W. Madison Street, 16th Fl.
Chicago, IL 60606
Tel: (312) 345-3000
Fax: (312) 345-3119

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, M. Tristan Morales, hereby certify that on January 31, 2022, I electronically filed the foregoing *Memorandum in Support of Defendants' Motion to Dismiss* using the CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ M. Tristan Morales*
M. Tristan Morales (*pro hac vice application pending*)
*Attorneys for Defendants*