**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHEAL (SUSIE) HOFFMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED AIRLINES, INC., UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION PROGRAM (VSP2), UNITED AIRLINES FRONTLINE VOLUNTARY SEPARATION LEAVE (VSL) PROGRAM, UNITED AIRLINES CONSOLIDATED WELFARE BENEFIT PLAN, and UNITED AIRLINES RETIREE MEDICAL PROGRAM,<br><br>    Defendants. | Civil Action No. 1:21-cv-06395<br><br>Honorable Robert M. Dow, Jr. |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION FOR REASSIGNMENT OF A RELATED CASES PURSUANT TO LOCAL RULE 40.4

Defendants United Airlines, Inc. ("United"), United Airlines Frontline Voluntary Separation Program (VSP2), United Airlines Frontline Voluntary Separation Leave (VSL) Program, United Airlines Consolidated Welfare Benefit Plan, and United Airlines Retiree Medical Program (collectively "Defendants") hereby move pursuant to Local Rule 40.4, for reassignment of *Yustman v. United Airlines, Inc.*, No. 1:22-cv-01311, and *Loucks v. United Airlines, Inc.*, No. 1:22-cv-01390,[1] to this Court before Hon. Robert M. Dow, Jr. on the basis that *Yustman*, *Loucks*, and the above-captioned case all allegedly arise from a single occurrence, involve alleged common questions of fact and law, and reassignment will result in a substantial

---

[1] A copy of the *Yustman* and *Loucks* complaints are attached hereto as Exhibit A and B as required under LR 40.4(c)(2).

1

saving of judicial time and effort. Counsel for the plaintiffs in each of the three cases—*Hoffman*, *Yustman*, and *Loucks*—have stated that they do not oppose this motion for reassignment.

Defendants bring this motion in this Court pursuant to LR 40.4(c)(2), which provides that the motion for reassignment "shall be filed in the lowest numbered case of the claimed related set and noticed before the judge assigned to that case."[2] Reassignment of these cases to a single judge is appropriate for the following reasons:

**A. All Cases Currently Pending in the Northern District of Illinois are Related**

*Hoffman*, *Loucks*, and *Yustman* are "related" on at least two independent bases set forth in the definitions of relatedness under LR 40.4(a). First, the *Hoffman*, *Loucks*, and *Yustman* cases allegedly grow out of a single occurrence; and, second, involve some of the same issues of fact or law as follows:

**1. All cases allegedly grow out of a single occurrence – LR 40.4(a)(3)**

*Hoffman*, *Loucks*, and *Yustman* all arise from a putative class of former employees of Defendant United who allege that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by denying them benefits under the United Voluntary Separation Leave ("VSL") Program. Plaintiffs in these cases allege that they were entitled to VSL Program benefits by virtue of a 2017 United company policy regarding "early out" retirement programs.[3] Under LR 40.4(a)(3), all of the cases are related because they all allegedly "grow out of the same . . . occurrence."

---

[2] *Yustman* and *Loucks* are currently pending in the Northern District of Illinois and are the higher-numbered cases, and the captioned case, *Hoffman*, is the lowest-numbered case.

[3] In *Hoffman*, plaintiffs' amended complaint alleges two causes of action under ERISA, while in *Yustman*, plaintiffs' amended complaint alleges three causes of action under ERISA as well as two state-law claims. In *Loucks*, plaintiffs' complaint alleges two cause of action under ERISA as well as one state-law claim.

2

### 2. All cases involve some of the same issues of fact or law – LR 40.4(a)(2)

In each of *Hoffman*, *Loucks*, and *Yustman*, plaintiffs allege that they were entitled to VSL Program benefits by virtue of a 2017 United company policy regarding "early out" retirement programs. Common issues of fact and law in all of the cases involve the eligibility of plaintiffs, all former employees of United, for benefits under the VSL Program, including on the alleged basis of United's 2017 early out company policy. Under LR 40.4(a)(2), all of the cases are related because they "involve some of the same issues of fact or law."

### B. The Cases Meet All of the Conditions for Reassignment – LR 40.4(b)

### 1. All cases are pending in this court – LR 40.4(b)(1)

*Yustman* is pending in the Northern District of Illinois before the Honorable Sharon Johnson Coleman. *Loucks* is pending in the Northern District of Illinois before the Honorable Franklin U. Valderrama. *Hoffman* is pending in the Northern District of Illinois before the Honorable Robert M. Dow, Jr.

### 2. The handling of all cases by the same Judge will result in a substantial saving of judicial time and effort – LR 40.4(b)(2)

*Yustman* is presently assigned to Judge Coleman and *Loucks* is presently assigned to Judge Valderrama. In view of the common issues of fact and law identified in paragraph A.2, above, addressing these issues before this Court would save judicial time and effort. Moreover, the need for the reassignment of the case is necessary to avoid the potential for inconsistent rulings on pre-trial issues such as the scope of permitted discovery, and on the merits.

### 3. Designating the later-filed cases as "Related" – LR 40.4(b)(3) would not delay litigation of the earliest case

*Hoffman* was commenced in this Court on November 30, 2021. Dkt. 1. Defendants moved to dismiss the complaint on January 31, 2022. Dkt. 24. An amended complaint was filed on March 7, 2022. Dkt. 32.

*Yustman* was commenced on December 6, 2021 in the United States District Court for the Central District of California. On February 11, 2022, defendants in *Yustman* moved to dismiss and transfer the case to the Northern District of Illinois. On March 2, 2022, plaintiffs in *Yustman* filed an amended complaint. After the parties entered a joint stipulation to transfer the case, *Yustman* was transferred to the Northern District of Illinois on March 11, 2022. On March 14, 2022, the parties notified this court of a related case. In light of this notice, on March 15, 2022, this court canceled the status conference.

*Loucks* was commenced on March 10, 2022 in the United States District Court for the Central District of California. On March 15, 2022, the parties stipulated to transfer *Loucks* to the Northern District of Illinois and the court granted the request on March 16, 2022.

All cases are in their initial stages such that there would be no delay if the cases are designated as related and reassigned.

### 4. All cases are susceptible of disposition in a single proceeding – LR 40.4(b)(4)

As all of the cases allegedly arise from the VSL Program, the key and common legal and factual disposition regarding causation and liability are suitable to resolution in a single proceeding.

Dated: March 17, 2022   Respectfully Submitted,

<u>/s/ M. Tristan Morales</u>
O'MELVENY & MYERS LLP
Brian D. Boyle
Shannon M. Barrett
M. Tristan Morales (*pro hac vice*)
1625 Eye Street, N.W.
Washington, DC 20006-4001
Telephone: (202) 383-5300
bboyle@omm.com
sbarrett@omm.com
tmorales@omm.com

Larry S. Kaplan
lkaplan@kmazuckert.com
Marnie A. Holz
mholz@kmazuckert.com
KMA ZUCKERT LLC
200 W. Madison Street, 16th Fl.
Chicago, IL 60606
Tel: (312) 345-3000
Fax: (312) 345-3119

*Attorneys for Defendants*

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 17, 2022, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Memorandum in Support of Defendants' Unopposed Motion for Reassignment of Related Cases Pursuant to Local Rule 40.4 was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

*/s/ M. Tristan Morales*
M. Tristan Morales (*pro hac vice*)
*Attorney for Defendants*