# Exhibit D

Jeffrey Lewis, SB No. 66587
jlewis@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel.: (510) 463-3900 / Fax: (510) 463-3901

Mark D. DeBofsky
mdebofsky@debofsky.com
**DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C.**
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
Tel.: (312) 561-4040 / Fax: (312) 929-0309

David S. Preminger
dpreminger@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**
1140 Avenue of the Americas, Ninth Floor
New York, NY 10036
Tel.: (646) 380-6690 / Fax: (646) 380-6692

*Attorneys for Plaintiffs*
Donna Loucks, Roxann Merlini, and Jo Gawler

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LOUCKS, ROXANN MERLINI, and JO GAWLER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., UNITED AIRLINES 36-MONTH SUPPLEMENTAL BENEFIT PLAN, and UNITED AIRLINES VOLUNTARY SEPARATION LEAVE PROGRAM, <br><br> Defendants. | No. 2:22-cv-1604 <br><br> **CLASS ACTION COMPLAINT** |

Plaintiffs Donna Loucks, Roxann Merlini, and Jo Gawler, individually and on behalf of a class of similarly situated individuals, allege the following against Defendants

1

United Airlines, Inc. ("United"), the United Airlines 36-Month Supplemental Benefit Plan, and the United Airlines Frontline Voluntary Separation Leave Program.

## INTRODUCTION AND NATURE OF THE CASE

1. In an effort to reduce its workforce, United promised its employees that if they retired and within three years thereafter it offered a voluntary separation program, those employees would receive benefits under that program if those benefits were superior to what the employees had received at retirement. Plaintiffs Donna Loucks, Roxann Merlini, and Jo Gawler retired within the three years preceding United's January 21, 2021, offering of its United Airlines Frontline Voluntary Separation Leave program ("VSL Program"), but were wrongfully denied the benefits of that program. On behalf of themselves and other similarly situated former employees of United, they bring this action under ERISA or, in the alternative, state contract law, in order obtain those benefits or damages, as well as other relief.

## JURISDICTION

2. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 as this matter involves a claim arising under federal law. The Court also has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) and (f). This Court has supplemental jurisdiction over state-law claims pled herein pursuant to 28 U.S.C. § 1367(a), because such claims form part of the same case or controversy and exceed the sum or value of $75,000.

3. In the alternative, the Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1132(d)(2) since at least one member of the class is a citizen of a state that is diverse from the state in which Defendants are citizens and more than $5,000,000 is in controversy, exclusive of interest and costs.

## VENUE

4. Venue is proper in this District in accordance with ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendant United may be found in this District and because the benefit plans involved in this dispute were administered in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

**Plaintiffs**

5. Donna Loucks ("Loucks") is a resident of Centennial, Colorado and a citizen of the State of Colorado. She was employed by United and a predecessor airline acquired by United from 1986 until her retirement on July 1, 2020.

6. Roxann Merlini ("Merlini") is a resident of San Diego, California and a citizen of the State of California. She was employed by United and a predecessor airline acquired by United from 1996 until her retirement on April 3, 2020.

7. Jo Gawler (Gawler") is a resident of North Potomac, Maryland, and a citizen of the State of Maryland. She was employed by United from 1987 until her retirement on July 29, 2020.

**Defendants**

8. United is a Delaware corporation with its headquarters and principal place of business in Chicago, Illinois, but which operates and employs thousands of employees throughout the United States and within this District.

9. The United Airlines 36-Month Supplemental Benefit Plan ("Supplemental Benefit Plan") is an employee welfare benefit plan within the meaning of ERISA Section 3(1), 29 U.S.C. § 1002(1), in that, as described below, the intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits are clear from the facts and circumstances. United is the plan sponsor and plan administrator of the Defendant Supplemental Benefit Plan within the meaning of ERISA Section 3(16)(A) and (B), 29 U.S.C. §1002(16)(A) and (B).

10. The VSL Program was established by United to induce employees who met certain specified criteria to voluntarily relinquish their employment with United in exchange for certain benefits. The VSL program either is or contains components that constitute an employee welfare benefit plan within the meaning of ERISA Section 3(1), 29 U.S.C. § 1002(1). It is named as a defendant herein for the purpose of effectuating relief pursuant to Plaintiffs' Second Claim for Relief. United is the plan sponsor and plan administrator of the Defendant VSL Program within the meaning of ERISA Section 3(16)(A) and (B), 29 U.S.C. §1002(16)(A) and (B).

**FACTS**

11. From time to time, United has experienced a surplus of employees; i.e., it has had more employees than were needed to conduct its business. In order to address employee surplus issues and adverse financial cycles, United has, at various times in its history, established voluntary separation programs that it has referred to colloquially as "early out" programs. These early out programs offered financial inducements to employees who had completed a specified number of years of service and attained a certain age and who voluntarily relinquished their employment in exchange for financial considerations offered by United such as severance payments, enhancement of retirement benefits, and retiree health insurance.

12. As a further inducement to employees to participate in "early out" programs or otherwise simply retire if they were eligible to do so, on August 17, 2017, a company-wide letter was issued by Oscar Munoz, then United's CEO (the "Letter"). The Letter addressed the concerns of employees who might have been considering whether to accept an "early out" program then in effect or who were otherwise considering retirement but were concerned that a better program might be offered later. The Letter promised that if United offered "an early out within 36 months after you retire, you would be eligible for the financial benefits of the program even after retiring."

13. The Letter established an ERISA-covered employee welfare benefit plan, as set forth in Paragraph 9, above, and Paragraph 19, below, which is referred to herein as the United Airlines 36-Month Supplemental Benefit Plan ("Supplemental Benefit Plan").

14. On January 21, 2021, United announced the VSL Program. Eligibility to participate in the VSL program was dependent, *inter alia*, on an employee having at least 15 years of service and being at least 45 years old.

15. The VSL Program offered two options: Option A offered a lump sum payment of up to 33% of the employee's wages (capped at $20,000), a $125,000 contribution to a Retiree Health Account, continued medical coverage under United's employee health benefits program for active employees through December 31, 2021, and enhanced travel privileges through December 31, 2026. Option B offered continuation of salary (capped at $112,500) through August 31, 2022, and active employee travel privileges through December 31, 2026. Both options also offered various health benefit related incentives depending on whether the employee was or was not yet eligible for retiree medical benefits, along with retiree travel benefits. The benefits offered under the VSL Program were superior to those that Plaintiffs received upon retirement.

16. The window to elect to accept the VSL program ran from January 21, 2021, through February 25, 2021. Thus, per the Letter, anyone who had retired on or after January 21, 2018, and otherwise met the requirements for participation as of their retirement dates should have been entitled to the benefits of the VSL program. However, the VSL program was only offered to active employees.

17. United falsely asserted the VSL program was not an "early out" program and that, therefore, the Letter was inapplicable. However, in both form and substance, except for the greater benefits offered, the VSL program was identical to the VSP1 and VSP2 voluntary separation programs offered by United between August 17, 2017, and January 21, 2021, both of which were considered early out programs.

5

18. Plaintiffs Loucks, Merlini, and Gawler, as well as the Class of similarly situated individuals, retired from United within the 36 months preceding January 21, 2021, but were denied the benefits of the VSL program

19. Plaintiffs and the class met the eligibility criteria of the Supplemental Benefit Plan.

**Applicability of ERISA**

20. Section 3(1) of ERISA, 29 U.S.C. § 1002(2), defines an "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services." In addition, severance payments are considered to be welfare benefits pursuant to ERISA § 3(2)(B)(i), 29 U.S.C. §1002(2)(B)(i), and 29 C.F.R. § 2510.3-1.

21. The Supplemental Benefit Plan constitutes an ERISA-governed welfare benefit plan as described in Paragraph 10 above, in that the participants, source(s) of funding, benefits, and procedure for attaining them are reasonably ascertainable from the surrounding circumstances.

22. Additionally, the VSL Program meets the foregoing definition because it provides for severance benefits and for medical and other benefits.

23. Alternatively, the Supplemental Benefit Plan did not constitute an ERISA "plan" due to, among other things, a lack of ongoing administration.

6

**CLASS ACTION ALLEGATIONS**

24. Plaintiffs meet the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil procedure as follows:

A. **Class Definition**. Plaintiffs bring this action as a class action pursuant to Rules 23(a), (b)(1) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated: All former United employees who retired from active service with United within the 36 months preceding January 21, 2021, and who were at least 45 years of age with at least 15 years of service at the time of their retirement and otherwise met the eligibility criteria of the VSL Program except that they were not active employees.

B. **Numerosity**. Upon information and belief, the Class is too numerous to permit joinder of all potential individual plaintiffs.

C. **Commonality**. Numerous questions of fact and law are common as to all potential class members, including but not limited to (1) whether the Supplemental Benefit Plan constituted a welfare benefit plan under ERISA; (2) whether, pursuant to that Plan, Plaintiffs and the Class are entitled to additional benefits pursuant to the VSL Program; and (3) whether in designing the VSL Program, Defendant United interfered with the rights of Plaintiffs and the Class to attain benefits under the Supplemental Benefit Plan in violation of ERISA § 510.

D. **Typicality**. Plaintiffs' claims are typical of those presented by other similarly situated individuals who retired from United between January 21, 2018 and January 21, 2021 with at least 15 years of service, who were at least 45 years old, and who were otherwise eligible to participate in the VSL Program.

E. **Adequacy**. Plaintiffs' claims are typical and aligned with the claims of all potential class members; and Plaintiffs are represented by counsel who are experienced employee benefits and class action practitioners.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications.

26. Defendants have acted and/or refused to act in the same manner as to all Class members, thereby making it appropriate for the Court to grant relief with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Against Defendants United and the Supplemental Benefit Plan)**
**Claim for Benefits under ERISA Section 502(a)(1)(B),**
**29 U.S.C. § 1132(a)(1)(B)**

27. Plaintiffs reallege paragraphs 1-21 and 24-26, above, and incorporate those allegations in their entirety as this paragraph 27.

28. Plaintiffs and the Class members are "participants" in the Supplemental Benefit Plan as that term is defined in ERISA § 3(7), 29 U.S.C. §1002(7), in that they are former employees of United who are or may become eligible to receive benefits under that Plan.

29. In the event the Court determines that Plaintiffs' and the Class Members' claims are governed by ERISA, Plaintiffs and the Class Members have been unlawfully denied the benefits of the Supplemental Benefit Plan in that they have been denied the benefits of the VSL Program that were superior to the benefits the Plaintiffs and the Class Members received when they retired.

**SECOND CLAIM FOR RELIEF**
**(Against Defendant United)**
**Claim Pursuant to ERISA Section 502(a)(3),**
**29 U.S.C. §1132(a)(3), for Interference with Protected Rights**
**under ERISA Section 510, 29 U.S.C. §1140**

30. Plaintiffs reallege paragraphs 1-22 and 24-26, above and incorporate those allegations in their entirety as this paragraph 30.

31. ERISA §510, 29 U.S.C. §1140, provides, in relevant part, that "it shall be unlawful for any person to . . . discriminate against a participant or beneficiary for the

8

purpose of interfering with the attainment of any right to which such participant may become entitled under the plan."

32. By its actions in drafting the VSL program in such a manner as to exclude from eligibility Plaintiffs and members of the Class, in an effort to evade the promise made to United employees described in paragraph 11 above, United violated Section 510 of ERISA.

33. ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), provides, in relevant part, that a participant may bring suit "to enjoin any act or practice which violates any provision of this subchapter . . . or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter . . . ." ERISA §510 is a provision of the referenced subchapter.

34. Plaintiffs and the Class are entitled to equitable relief to reform the terms of the VSL so that it is constitutes an early out program within the meaning of the Letter and for a declaration that they are entitled to the benefits of the VSL Program as reformed to the extent those benefits exceed those that Plaintiffs and the Class received upon their retirements.

**THIRD CLAIM FOR RELIEF**
**(Against Defendant United)**
**Claim for Breach of Contract**

35. Plaintiffs reallege paragraphs 1-8, 11-12, 14-18, and 23-26, above, and incorporate those allegations in their entirety as this paragraph 35.

36. In the alternative to their First and Second Claims for Relief, Plaintiffs allege the following in the event the Court determines the Supplemental Benefit Plan is not an ERISA-governed plan.

37. The Letter was disseminated to "the United Team," which, on information and belief, included all active United employees.

38. Plaintiffs' and the Class members' voluntary retirements within the 36 months preceding January 21, 2021, provided consideration for their right to receive

9

the benefits of any early out program that was offered by United through at least January 21, 2021.

39. Notwithstanding the promises made in the Letter, Plaintiffs and the Class members were denied the benefits of the VSL Program.

40. Plaintiffs and the Class have been damaged by United's refusal to allow them to receive the enhanced benefits of the VSL Program.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray this Court enter judgment as follows:

**As to Count I**

A. Certify the Class under Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B. Determine that the Supplemental Benefit Plan is an employee welfare benefit plan under ERISA and that the Plaintiffs and the Class are entitled to its benefits, which include all benefits under the VSL Program that were in excess of those Plaintiffs and the Class received upon retirement from United;

C. Award Plaintiffs and the Class prejudgment interest on all benefits due them;

D. Award Plaintiffs and the Class their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

E. Award Plaintiffs and the Class any and all other relief to which they may be entitled.

**As to Count II**

A. Certify the Class under Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B. Determine that United interfered with Plaintiffs' and the Class Members' rights to receive benefits under the VSL Program, reform that plan so as to make them eligible for such benefits, and declare that Plaintiffs and the Class Members are entitled to receive those benefits;

C.  Award Plaintiffs and the Class prejudgment interest on all benefits due them;

D.  Award Plaintiffs and the Class their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

E.  Award Plaintiffs and the Class any and all other relief to which they may be entitled.

**As to Count III**

A.  Certify the Class under Federal Rule of Civil Procedure 23 and appoint Plaintiffs as Class Representatives and their attorneys as Class Counsel;

B.  Determine that the VSL Program is an early out program and award Plaintiffs and the Class the enhanced benefits offered by the VSL Program or a financial equivalent;

C.  Award Plaintiffs and the Class prejudgment interest on all benefits due since January 2021 or enhance the financial value of said benefits by the amount of prejudgment interest due;

D.  Award Plaintiffs and the Class their costs of suit; and

E.  Award Plaintiffs and the Class any and all other relief to which they may be entitled.

*Jury Demand*

Plaintiffs demand trial by jury as to all matters that may be tried to a jury.

DATED this 10th day of March, 2022.

KELLER ROHRBACK L.L.P.

By */s/ Jeffrey Lewis*
Jeffrey Lewis, SB No. 66587
jlewis@kellerrohrback.com
180 Grand Avenue, Suite 1380
Oakland, CA 94612
Tel.: (510) 463-3900 / Fax: (510) 463-3901

11

David S. Preminger
dpreminger@kellerrohrback.com
KELLER ROHRBACK L.L.P.
1140 Avenue of the Americas, Ninth Floor
New York, NY 10036
Tel.: (646) 380-6690 / Fax: (646) 380-6692
*Seeking Pro Hac Vice Admission*

Mark D. DeBofsky
mdebofsky@debofsky.com
DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
Tel.: (312) 561-4040 / Fax: (312) 929-0309
*Seeking Pro Hac Vice Admission*

***Attorneys for Plaintiffs***