# Exhibit G

**UNITED AIRLINES, INC.**
**2020 FRONTLINE VOLUNTARY SEPARATION PROGRAM 2**
**IMMEDIATE SEPARATION ("VSP2")**

**PLAN DOCUMENT AND SUMMARY PLAN DESCRIPTION**
**(PLAN NUMBER 640)**

---

United Airlines, Inc. ("United" or the "Company") hereby adopts this plan called the United Airlines, Inc. 2020 Frontline Voluntary Separation Program 2 – Immediate Separation ("VSP2") as follows:

1. **Purpose of VSP2**

   The purpose of VSP2 is to make separation benefits and travel privileges available to U.S. employees of the Company (including Puerto Rico and Guam) who meet the criteria described in Section 3 ("Eligible Employees") to assist with their transition following voluntary separation from employment.

   VSP2 consists of this document and the "Program Overview" available on Help Hub, which can be accessed through Flying Together – and together these two documents constitute the plan document and summary plan description. You must read both documents together to understand how VSP2 works. There is also an FAQ that provides additional information, clarifications, and examples.

2. **Effective Date**

   The "Effective Date" of VSP2 is May 28, 2020, and is hereby amended and restated effective June 16, 2020.

3. **Eligibility**

   The "Window Period" for filing an application is the period described in the Program Overview. Your "Separation Date" is the date determined in accordance with the rules described in the Program Overview.

   In order to be an Eligible Employee, you must:

   - be a U.S. employee of the Company (including Puerto Rico and Guam) in the employee group described in the Program Overview (as of the end of your Window Period);
   - be active or on eligible leave status as set forth in the Program Overview (as of the end of your Window Period),
   - be under age 55 and/or have less than 10 years of adjusted company service (as of the end of your Window Period); and
   - remain employed through the last day prior to your Separation Date.

   Then, in accordance with your application to participate in VSP2, <u>you will voluntarily and irrevocably separate from employment with the Company as of your Separation Date</u>.

If you are inactive during the entire Window Period, you are not eligible to participate, unless you are on a leave of absence as described in the Program Overview.

4. **Participation**

To participate in VSP2, you must be an Eligible Employee and fulfill the following requirements:

- During the Window Period (unless extended by the Company): (1) you must apply to participate in VSP2; and (2) you must execute online the Waiver of Rights and Claims/Release from Liability ("Release") without modification, to be effective after four (4) days without revocation, and you must not revoke it.
- You must not separate from employment for any reason prior to your Separation Date (whether voluntarily, involuntarily, for cause, or otherwise).
- You cannot participate if you are under investigative suspension (unless waived by the Company).
- You cannot participate if you work for a subsidiary of United Airlines, Inc., such as UGE or UAFC, as determined by the Company.
- In the event you are later rehired by the Company or any affiliate, the benefits and privileges under VSP2 will cease and will not be reinstated if you subsequently separate from employment.

5. **Company's Discretion to Limit Participation**

The Company will consider all electronic applications it timely receives from Eligible Employees and determine the number of applications within each job classification and job location it will accept, if any. The Company will accept completed applications at its discretion. The Company shall not be obligated to accept the applications of any particular number of Eligible Employees for participation in VSP2; nor shall it be required to grant a total number of releases from service pursuant to VSP2 greater than it judges to be necessary to adjust staffing properly in a particular job classification and job location. The Company reserves the right, in its sole discretion, to reject the application of any individual applicant based upon Company need.

6. **Voluntary Separation Benefits**

Upon fulfilling all the requirements in Section 4, if your completed application is accepted by the Company pursuant to Section 5, you will become a participant ("Participant") in VSP2 and be eligible for voluntary separation benefits and travel privileges as described in the Program Overview.

Except as otherwise stated in this document or the Program Overview, you will be subject to all terms and conditions of any programs described in the Program Overview as offered to active, separated, or retired employees, as applicable. In addition to reviewing the Program Overview, you should also review the FAQ posted along with the Program Overview.

7. **Taxation of Benefits and Travel Privileges**

Benefits and travel privileges under VSP2 will be subject to any applicable taxes, which you must pay (either directly or through Company withholding) as required in order to be eligible for such benefits and/or travel privileges.

8. **Non-Assignment**

    Benefits and travel privileges under VSP2 may not be assigned, pledged, or encumbered; nor may any right or interest in any benefit or privilege provided under VSP2 be transferred in any other manner.  Further, any individual other than you using travel privileges must, *at the time of flight*, qualify as your travel eligible dependent/companion under the requirements of United's travel policies as in effect at that time.  Severance Plan benefits and travel privileges may not be extended pursuant to any legal proceeding or court order, nor may they be apportioned under any divorce degree or separation agreement.

9. **Plan Amendment and Termination**

    The Company may from time to time, in its discretion, amend, in whole or in part, any or all of the provisions of VSP2 or terminate VSP2; provided, however, that any amendment or termination will not alter your eligibility following your Separation Date.  Notwithstanding the foregoing, the reservations of rights under the Company's active and retiree medical plans and pass travel programs will continue to apply with respect to the Company's rights to modify, amend, or terminate those plans at any time and for any reason.  This means that you will be subject to the same changes to medical benefits and pass travel programs that apply to active or retired employees, as applicable.  If not terminated earlier, VSP2 will terminate automatically upon the expiration of the benefits provided hereunder.

10. **Plan Year**

    The Plan Year is the twelve-consecutive month period commencing on January 1 of each year; provided, however, that the first Plan Year shall commence on the Effective Date and end on December 31, 2020.

11. **Effect of Death on Benefits**

    See the FAQ for information on what happens under VSP2 in the event of your death.

12. **Named Fiduciary and Plan Administrator**

    The Company's Executive Vice President Human Resources and Labor Relations is designated as the "Named Fiduciary" and "Plan Administrator" of VSP2.  If at any time during the term of VSP2, the office of the Executive Vice President Human Resources and Labor Relations is vacant, the senior officer in Human Resources with responsibility for compensation and benefits shall serve until such position is filled.  The general administration of VSP2 shall be vested in the Plan Administrator.  The Plan Administrator shall supervise the administration and enforcement of VSP2 according to the terms and provisions hereof and shall have all powers necessary to accomplish these purposes, including, but not by way of limitation, the right, power, discretion, and authority:

    (a)  To make rules, regulations, and by-laws for the administration of VSP2 that are not inconsistent with the terms and provisions hereof and to enforce the terms of VSP2 and such rules and regulations;

    (b)    To construe in his or her discretion all terms, provisions, conditions, and limitations of VSP2;

    (c)    To correct any defect or to supply any omission or to reconcile any inconsistency that may appear in VSP2 in such manner and to such extent as the Plan Administrator shall deem in his or her discretion expedient to effectuate the purposes of VSP2;

    (d)    To employ and compensate such accountants, attorneys, investment advisors, and other agents, employees, and independent contractors as the Plan Administrator may deem necessary or advisable for the proper and efficient administration of VSP2;

    (e)    To determine in his or her discretion, all questions regarding eligibility and participation; and

    (f)    To make a determination in his or her discretion as to the right of any person to a benefit under VSP2 and to prescribe procedures to be followed by Participants in obtaining benefits hereunder.

All decisions, interpretations, and determinations of the Plan Administrator shall be final and binding upon all parties. The Plan Administrator shall make all reports and disclosures required by law.

The Plan Administrator may be contacted at the following address and telephone number:

    Executive Vice President – Human Resources and Labor Relations
    United Airlines, Inc.
    233 South Wacker Drive
    Chicago, Illinois 60606
    1-877-825-3729

### 13. Agent for Service of Process

Legal process may be served on:

    Executive Vice President – Human Resources and Labor Relations
    United Airlines, Inc.
    233 South Wacker Drive
    Chicago, Illinois 60606
    1-877-825-3729

### 14. Plan Sponsor

The sponsor is United Airlines, Inc., 233 South Wacker Drive, Chicago, Illinois, 60606; phone 1-877-825-3729; Employer Identification Number 74-2099724.

### 15. Type of Plan and Administration

VSP2 is a welfare benefit plan providing separation benefits that is self-administered by the Company. VSP2 is not part of any other plan or program of the Company.

16. <u>**Claim Procedures**</u>

Benefits under VSP2 shall become available to a Participant as soon as administratively feasible after the Participant's Separation Date. Any employee or beneficiary (a "Claimant") who does not receive benefits under VSP2 and who believes that he or she is entitled to a benefit, or who has received benefits under VSP2 but believes that he or she is entitled to a greater benefit, may file a claim for benefits in writing with the Plan Administrator. In the event of an "Adverse Benefit Determination" (which includes a denial or modification of the claim, or an invalidation for failing to follow VSP2's claim submission procedures), the Plan Administrator shall furnish a written notice to the Claimant within ninety (90) days (or within one hundred and eighty (180) days if the Plan Administrator determines that special circumstances necessitate an extension of the ninety-day period, in which case the Claimant will be informed of the extension and the circumstances requiring the extension in writing prior to its commencement), which notice shall:

(a) State the specific reasons for the Adverse Benefit Determination;

(b) Provide specific reference to pertinent Severance Plan provisions upon which the Adverse Benefit Determination is based;

(c) Provide a description of any additional information or material necessary to perfect the claim and an explanation of why such information or material is necessary; and

(d) Explain VSP2's claim review procedure and include a description of the right to bring a civil action under section 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), following an Adverse Benefit Determination on review.

17. <u>**Review Procedure**</u>

In the event of an Adverse Benefit Determination on a claim for benefits, if the Claimant desires to have the Adverse Benefit Determination reviewed, he or she must, within 60 days following receipt of the notice of the Adverse Benefit Determination, submit a written request for review by the Plan Administrator of such determination.

During this review process, the Claimant will have the opportunity to submit written comments and other information relating to the claim, and will have reasonable access to, and upon request, copies of, all documents and other information relevant to the claim free of charge. Any items submitted to the Plan Administrator will be considered without regard to whether such items were considered in the initial benefit decision. Within sixty (60) days (or within one hundred and twenty (120) days if the Plan Administrator determines that special circumstances necessitate an extension of the sixty-day period, in which case the Claimant will be informed of the extension and the circumstances requiring the extension in writing prior to its commencement) following such request for review the Plan Administrator shall, after providing a full and fair review, render its final determination in writing (or electronically) to the Claimant. However, the review process may be delayed if Claimant fails to provide information that is requested by the Plan Administrator. If the Plan Administrator approves the claim on review, then it will be processed as soon as administratively practicable. In the event of an Adverse Benefit Determination on review, the Plan Administrator's final decision will include:

(a) The specific reason or reasons for the Adverse Benefit Determination;

    (b)    VSP2 provisions upon which the Adverse Benefit Determination is based;

    (c)    A statement that the Claimant is entitled to reasonable access to, and upon request, copies of, all documents and other information relevant to the claim free of charge; and

    (d)    A statement of the Claimant's right to bring a civil action under section 502(a) of ERISA.

A Claimant may, by submitting a written statement to the Plan Administrator, authorize an individual or entity to pursue his or her claim for benefits under VSP2 and/or his or her request for a review of an Adverse Benefit Determination made with respect to a claim.

Completion of the claims procedures described in this Section will be a condition precedent to the commencement of any legal or equitable action in connection with a claim for benefits under VSP2 by a Claimant or by any other person claiming rights individually or through a Claimant.

18. **Notice to Participants and Beneficiaries**

Each Participant in VSP2 is entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This document serves both as the plan document governing the operation of VSP2 and as the Summary Plan Description. This Section contains a notice of your rights under ERISA.

ERISA provides that all plan participants shall be entitled to:

Receive Information About Your Plan And Benefits

Examine, without charge, at the Plan Administrator's office and at other specified locations such as worksites, all documents governing the plan and a copy of the latest annual report (Form 5500 Series) filed by the plan with the U.S Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

Obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the plan and copies of the latest annual report (Form 5500 Series) and updated summary plan description. The Plan Administrator may make a reasonable charge for any copies requested.

Prudent Actions By Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the persons who are responsible for the operation of an employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

Enforce Your Rights

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of this document, or other documents governing the terms of the plan, or the latest annual report (if any) from the plan and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive such materials, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. If you have a claim for benefits, which is denied or ignored, in whole or in part, you may file suit in a state or Federal court. If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a Federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if it finds that your claim is frivolous).

Assistance With Your Questions

If you have any questions about your plan, you should contact the Plan Administrator. If you have any questions about this notice of rights or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Employee Benefits Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

19. **Effect of Document**

    In the event of any inconsistency between (1) this document and the Program Overview and (2) any other communication regarding VSP2, this document and the Program Overview control. In the event of any inconsistency between this document and the Program Overview, the Program Overview controls.

20. **Controlling Law**

    VSP2 shall be interpreted under the laws of the State of Illinois to the extent not preempted by ERISA. Venue and jurisdiction for any action under VSP2 shall lie solely in federal court in Chicago, Illinois.