# Exhibit J

**UNITED AIRLINES, INC. 2020 FRONTLINE VOLUNTARY SEPARATION PROGRAM 2**

**WAIVER OF RIGHTS AND CLAIMS / RELEASE FROM LIABILITY ("Release")**

United Airlines, Inc. (the "Company") has made available to me the United Airlines, Inc. 2020 Frontline Voluntary Separation Program 2 ("VSP2").

In exchange for the benefits, travel privileges, and other valuable consideration provided under VSP2, I hereby:

- choose to accept the Company's offer (based on the box I checked on the Electronic Application Form on Help Hub), subject to approval by the Company; and
- agree to waive any claims and release the Company from any liability related to my employment with or my decision to separate from the Company.

I certify that I have no claims for unpaid wages, benefits, or penalties and no unreported on-the-job injuries. In addition, I certify that I have received a copy of the Program Overview, the FAQ, and the Important Legal Document for VSP2 at the time I received this Release.

I understand that signing this Release is an important legal act and that I am giving up important legal rights. I have read this Release, understand it, and am signing it knowingly and voluntarily. The Company advised me to consult an attorney before executing this Release, and I have done so or voluntarily decided not to consult an attorney.

In exchange for participating in VSP2, **I irrevocably agree to resign my employment (and retire, if applicable) with a Separation Date as set forth in the Program Overview.** I also waive all claims and release United Airlines Holdings, Inc., United Airlines, Inc., and any of their benefit plans, as well as their subsidiaries, affiliates, directors, officers, stockholders, employees, agents, and representatives (the "Released Parties"), from liability for any claims arising before the date I execute this Release or arising out of my employment or separation from employment.

Specifically included in this Release are, among other things, all claims of alleged employment discrimination, harassment, or retaliation prohibited by Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Workers Adjustment and Retraining Notification Act, any state law (including but not limited to the New Jersey Conscientious Employee Protection Act, and the New Jersey Law Against Discrimination, the Illinois Human Rights Act (and any claims enforced by the Illinois Department of Human Rights)), or any other federal, state, or local statute, rule, ordinance, or regulation, as well as any claims under common law for tort, contract, or wrongful discharge. I understand and agree that I am releasing <u>all claims</u> that I may have and that I do not now know or suspect to exist against the Released Parties, except as specifically excluded in this Agreement. If I was employed by the Company at any time in California, or if I resided in California at any time while employed by the Company, I waive all rights under California Civil Code Section 1542, which states: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The parties waive the requirements of 735 ILCS 5/2-2301 to the extent those provisions are applicable.

**I understand and agree that I am releasing <u>all claims</u> that I may have and that I do not now know or suspect to exist against the Released Parties, except as specifically excluded in this Agreement.**

This Agreement does <u>not</u> bar me from making or asserting: (a) any claim or right under state workers' compensation or unemployment laws; or (b) any claim for vested rights under ERISA-covered employee benefit plans as applicable on the date I sign this Agreement; or (c) any claim or right which by law cannot be waived, including my right to file a charge with an administrative agency or to participate in an agency

investigation, including but not limited to the Equal Employment Opportunity Commission ("EEOC"). I waive, however, the right to recover money if any federal, state, or local government agency, including but not limited to the EEOC, pursues a claim on my behalf or on behalf of a class to which I may belong that arises out of or relates to my employment or severance from employment. I affirm that I have not filed and am not presently party to, any lawsuit or arbitration against any Released Party. I further represent that no claims, complaints, charges, or other proceedings are pending in any court, administrative agency, commission, or other forum relating directly or indirectly to my employment with the Company. Except as described above, I agree not to sue any of the Released Parties or become a party to a lawsuit on the basis of any claim that arises out of any aspect of my employment or severance from employment.

By agreeing to the terms of this Release and voluntarily separating my employment, I am also relinquishing any rights to termination pay, separation benefits, furlough rights, furlough pay, recall rights, or reemployment rights to which I may have otherwise been or become entitled to under the applicable collective bargaining agreement or company policy, other than any rights I may have under VSP2. I understand that United Airlines, Inc. and any other subsidiary of United Airlines Holdings, Inc. have no obligation to reemploy me. Except where prohibited by state law or preempted by the Railway Labor Act, I agree that venue and jurisdiction for any action related to VSP2 or this Release shall lie solely in federal court in Chicago, Illinois.

**I understand that once executed, this Release is irrevocable after four (4) days. I understand that, if I revoke this Release within four (4) days, I will be ineligible to participate in VSP2. I understand that to revoke this Release and my participation in VSP2, I must log in to Help Hub where I made my original election and follow the instructions. If I fail to do so within four (4) days, it will become effective and irrevocable as of the 5th day.**

I SHALL EXECUTE THIS RELEASE BY ELECTRONIC CHECKBOX IN THE WEB TOOL PROVIDED BY THE COMPANY (HELP HUB). THE DATE OF EXECUTION SHALL BE THE DATE RECORDED IN THE COMPANY'S RECORDS THAT I CHECKED THE BOX AND SUBMITTED MY APPLICATION AND THIS RELEASE.